Railroad v. McDaniel.

NASHVILLE & CHATTANOOGA RAILROAD COMPANY v.
JAMES McDANIEL.

RAILROADS. *Employer and employee.* If a party is employed by the rail-
road company to look after stock which has been killed, and to look
after any litigation against the company, he has no authority by
virtue of such employment to command other servants and employees
of the company. If he does thus command such employees, and in
discharge of his command the employee is injured, the company
would not be liable. The order of a party having no authority over
the injured employee, will not serve as a basis on which to fix the re-
lation of employer and employee.

FROM FRANKLIN.

Appeal in error from the Circuit Court of Franklin
county.    J. J. WILLIAMS, J.

EAST & FOGG for Railroad.

DAVIS & MARTIN for McDaniel.

FREEMAN, J., delivered the opinion of the court.

This is an action brought for an injury received
under about the following state of facts:

Plaintiff had been in the employ of the railroad,
perhaps, for a number of years, as bridge watchman at
Elk river. A suit was pending between the company
and a third party, and plaintiff, with several others,
likewise employees, were under subpœna to attend the
trial at Jasper, Marion county, as witnesses for the
road. They were on the train going to Jasper. When

they reached the tunnel through Cumberland mountain the train was stopped, and it was soon ascertained that a large rock had fallen from the roof of the tunnel, and blocked up the passage. The proof tends to show that one Brooks came to the car where the employees of the company were, and either gave an order or said, "all the railroad hands get out, and go and help clear the track." Thereupon plaintiff got out with the rest, and they, together with the section boss, perhaps, of some part of the road, started into the tunnel for this purpose.

On arriving at the fallen rock, and commencing to work at its removal, it was noticed by some one, that there was a loosened rock overhead, that probably might fall, and this fact was spoken of and the suggestion made that it should be removed. Some one of the railroad's employees said, "don't be tender footed, but go to work and break up the rock." Plaintiff was engaged in this work under these circumstances, when the rock fell and inflicted considerable hurt, knocking him down and disabling him from ordinary work for some time. This suit is brought to recover damages for this injury.

It appears that Brooks, the man who is claimed to have given the order to "all railroad men" to get out and help clear the road, was employed by the company to look after stock killed, and such litigation as might be entrusted to him. This was the extent of his employment; that he had no one under him, and was in no sense the superior of the plaintiff, nor did he have any control over him. In fact, he swears

---

Railroad v. McDaniel.

---

he gave no orders at all, and had no authority to order any one. This was, however, a controverted question, there being proof that he either gave an order or used the language substantially as cited.

On the trial, after his Honor had charged the jury, several requests were made by counsel for the company, which were refused.

The second of these requests is: "If Brooks was employed by the company to look after stock which had been killed, and also to look after any litigation against the company, this would not authorize him to command other servants or employees." It was also requested: "That if the plaintiff was a passenger on the train, and that as such, no one had the right to command him to enter the tunnel, and if he did, it would be voluntary on his part, and if he received an injury while in the tunnel by the falling rock, he could not recover."

The Referees recommend a reversal for failure to give the first request cited. While his Honor had given general instructions covering the idea that the party must have gone in obedience to the orders of one authorized to direct him, still it was not an improper request that he should charge on the specific facts in contest as shown by the proof, under the circumstances of this particular case. The proof presented the very state of facts assumed in the request, and a refusal to charge as requested, tending to impress on the jury the view, that such an employee might give an order, which the other obeying, would become a servant of the company for that particular work. But

Railroad *v.* McDaniel.

it is clear that such an order or remark by a party having no authority whatsoever over the injured employee, said employee being, so far as we can see, only a passenger on the train at the time, could not serve as a basis on which to fix the relation of employer and employee as between the party voluntarily going on to do such work, and the company. While we would go as far as law and justice require, to sustain a meritorious claim, we cannot go to the extent of holding that any unauthorized agent of a company has the right to establish, by request or order given to a party, the relation and consequent duties and obligations of employer and employee.

We think, on the facts of the case, the request was one that ought to have been given, and the refusal to do so, calculated to prejudice the defendant, and for this reason the Referees' report is approved and the judgment reversed, and the case remanded for a new trial.